Jon G. Miller, Bar No. 150702
jmiller@littler.com
Christine A. Kohler, Bar No. 211562
ckohler@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, California  92612
Telephone:  949.705.3000
Fax No.:    949.724.1201

Attorneys for Defendant
PHENOM PEOPLE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY CALVERLEY,<br><br>                Plaintiff,<br><br>        v.<br><br>PHENOM PEOPLE, INC.; and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant Phenom People, Inc. ("Defendant") hereby removes to this Court the state court action described below. This Court has original jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) due to the diversity of citizenship of the parties.  Accordingly, the state court action may be properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**I.     STATEMENT OF JURISDICTION**

This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a).  In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §1441

exceeds the sum or value of $75,000, exclusive of interest and costs, it is a civil action between citizens of different states, and no defendant is a citizen of the state of California. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.  VENUE**

The action was filed in the Superior Court of the State of California, Los Angeles County. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1441(a) and 1446(a).

**III.  PLEADINGS, PROCESS AND ORDERS**

On November 18, 2021, Plaintiff Lindsay Calverley ("Plaintiff") commenced an action by filing an unverified Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Lindsay Calverley v. Phenom People, Inc.; and DOES 1 through 50, inclusive*, bearing Case No. 21STCV42644 (the "Complaint"). The Complaint asserts the following causes of action: (1) disability discrimination in violation of Government Code section 12940(a); (2) disability discrimination in violation of Government Code section 12940(n); (3) failure to do everything reasonably necessary to prevent discrimination and/or retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), Government Code section 12940(k); (4) retaliation in violation of the FEHA, Government Code section 12940(h); (5) wrongful termination in violation of public policy; and (6) unfair competition in violation of California Business and Professions Code section 17200*, et seq*. Plaintiff seeks past and future lost income, emotional distress damages, punitive damages, penalties, attorneys' fees, costs and an award of interest. (Declaration of Christine A. Kohler ("Kohler Decl."), ¶ 2; Exhibit A at Prayer for Relief.) Plaintiff specifically seeks to recover lost income/earnings and benefits. (Kohler Decl., ¶ 2; Exhibit A at ¶¶ 33, 44, 51, 62, 67 and Prayer for Relief.) She also seeks damages for "humiliation, emotional distress, and pain and anguish." (Kohler Decl., ¶ 2; Exhibit A at ¶¶ 34, 45, 52, 63, 68 and Prayer for Relief.)

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

2

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441

On December 29, 2021, Defendant filed in the Superior Court of California, County of Los Angeles, its Answer to the Complaint. (Kohler Decl., ¶ 6; Exhibit E.)

Pursuant to 28 U.S.C. ¶ 1446(a), the attached exhibits constitute all process, pleadings and orders served on Defendant in this action. (Kohler Decl., ¶ 7.) To Defendant's knowledge, no further process, pleadings, or orders related to this case have been served by any party. (*Id.*)

## IV.   TIMELINESS OF REMOVAL

Defendant was first served with a copy of the Summons and Complaint on December 1, 2021. (Kohler Decl., ¶ 3; Exhibit B.) This Notice is timely in that it is being filed within thirty (30) days of the date of service of the Summons and Complaint on Defendant, which was the first time that Defendant ascertained that the State Court Action was removable under federal law. *See* 28 U.S.C. §1446(b).

## V.   DIVERSITY JURISDICTION

The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)  citizens of different States. . .

This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A.   Plaintiff Is A Citizen Of California

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v.*

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

3

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §1441

*Nersesian,* 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (*citing Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.,* 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994)).

Defendant is informed and believes that currently and at all relevant times, Plaintiff was a citizen of the United States and was domiciled and resides in the State of California, County of Los Angeles. (Declaration of Joseph Smith ("Smith Decl."), ¶ 4; Complaint ¶ 3.) During her employment with Defendant, Plaintiff worked remotely from Los Angeles County, California. (Smith Decl., ¶ 4; Complaint, ¶ 2.) Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

## B. Defendant Is Not A Citizen Of California

For diversity jurisdiction purposes, the citizenship of a limited liability company is the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). A corporation is deemed a citizen of its State of incorporation and the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.,* its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend,* 559 U.S.77 (2010).

At the time this action was commenced in state court, Defendant Phenom People, Inc. was, and still is, a corporation incorporated under the laws of the state of Delaware. (Smith Decl., ¶ 3.) Its headquarters are located at 300 Brookside Avenue, Building 18, Suite 200, Ambler, Pennsylvania 19002. (*Id.*) The company's corporate officers, including its Chief Executive Officer, Chief Operating Officer and Chief People Officer, all have their primary offices at company headquarters in Ambler,

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §1441

Pennsylvania, and control and coordinate the operations of the company from that location. (*Id.*) Thus, Pennsylvania is the principal place of business for each of these entities. They are therefore citizens of Delaware and Pennsylvania for purposes of determining diversity of citizenship.

There are no other defendants in this action as of the date of this removal. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

Thus, as set forth above, Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Pennsylvania. Accordingly, the diversity requirement of 28 U.S.C. § 1332(a) is satisfied.

### C. The Amount in Controversy Exceeds $75,000

Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996). Here, the Court can reasonably ascertain from Plaintiff's Complaint and her prayer for relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.")

In her Prayer for Relief, Plaintiff prays for judgment to include past and future lost income and benefits, emotional distress damages, restitution, punitive damages, penalties, attorneys' fees, costs and an award of interest. (Kohler Decl., ¶ 2; Exhibit A at Prayer for Relief.)

Plaintiff specifically seeks to recover lost income. (Kohler Decl., ¶ 2; Exhibit A at ¶¶ 33, 44, 51, 62, 67 and Prayer for Relief.) Plaintiff's employment with Defendant was terminated on March 31, 2021. (Smith Decl., ¶ 5). As of that date, Plaintiff earned an annual salary of $130,000 in her position as Director of Enterprise Sales. (*Id.*) Assuming that Plaintiff would have continued to work, back pay <u>through December 31,</u>

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

5

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441

2021 would be calculated at approximately **$97,500.00** ($130,000/year ÷ 12 months/year x 9 months).

Plaintiff also seeks damages for "humiliation, emotional distress, and pain and anguish." (Kohler Decl., ¶ 2; Exhibit A at ¶¶ 34, 45, 52, 63, 68 and Prayer for Relief.) These claims further augment her claim for lost wages. *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold); *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while plaintiff was only employed by the defendant for four months, "emotional distress damages in a successful employment discrimination case may be substantial" and "may be considered when calculating the amount in controversy even where not clearly pled in the complaint"). In *Kroske v. U.S. Bank Corp.,* 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Using the *Kroske* "formula" as a baseline, the emotional distress component of Plaintiff's claims could add at least $25,000 to the amount in controversy, if not more.

Plaintiff further seeks an award of reasonable attorneys' fees. (Kohler Decl., ¶ 2, Exhibit A at ¶¶ 36, 47, 54, 65 and Prayer for Relief.).) Although Defendant disputes Plaintiff is entitled to any recovery, the California Fair Employment and Housing Act authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov't Code § 12965(b). When authorized by statute, attorneys' fees are included in the calculation of the amount of Plaintiff's claims to determine whether the requisite

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

6

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §1441

jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (stating that in deciding the amount in controversy issue, the court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Although Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume they could exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002), 1035; *see, e.g., Beaty v. BET Holdings, Inc.,* 222 F.3d 607 (9th Cir. 2000) (recognizing that an award of attorneys' fees in the amount of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000); *Mangold v. California Public Utilities Comm'n,* 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less); *Flannery v. Prentice,* 26 Cal.4th 572 (2001) (affirming award of attorney's fees and costs of $891,042). Plaintiff's demand for attorneys' fees further increases the amount in controversy above the $75,000 threshold.

Plaintiff also seeks punitive damages. (Kohler Decl., ¶ 2, Exhibit A at ¶¶ 35, 46, 53, 64, 69 and Prayer for Relief.).) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc., supra,* 243 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment cases have the potential for large punitive damages awards. *Simmons v. PCR Technology, supra,* 209 F.Supp.2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual*

*Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  In *Aucina v. Amoco Oil, Co.,* 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum.  *Id.* at 334.  Although Defendant vigorously denies Plaintiff's allegations, including her alleged damages, if Plaintiff were to prevail on her punitive damages claim, that claim alone could exceed the jurisdictional minimum.

In sum, although Defendant does not concede Plaintiff's claims have any merit, Plaintiff's Complaint makes certain that the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.  Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VI. NOTICE TO STATE COURT AND PLAINTIFF

Pursuant to 28 U.S.C. § 1446(d), concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff. In addition, a copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

Dated:        December 29, 2021

LITTLER MENDELSON, P.C.

/s/ Christine A. Kohler
Christine A. Kohler

Attorneys for Defendant
PHENOM PEOPLE, INC.

4888-7678-2855.4

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

8

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §1441